IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRY CRUZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DITTO TECHNOLOGIES, INC.,<br><br>Defendant. | No. 1:21-cv-01252<br><br>Removal from the Circuit Court of Sangamon County, Illinois<br><br>No. 2021-L-000105 |

## NOTICE OF REMOVAL

Defendant Ditto Technologies, Inc. ("Ditto") hereby removes this putative class action from the Circuit Court of Sangamon County, Illinois to the United States District Court for the Central District of Illinois. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because the putative class contains more than 100 members, minimal diversity exists, and on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.     Overview of Claims Asserted and Relief Sought**

Ditto is a Delaware corporation with its principal place of business in California. Plaintiff Sherry Cruz's Class Action Complaint asserts that "Ditto is a technology vendor that provides virtual try on technology as a software as a service to various glass retailers, such as the website www.zennioptical.com." Compl. ¶ 6 (attached as part of **Ex. 1**).[1] Specifically, Plaintiff alleges that "Ditto manufactures technology that companies utilize to allow customers to 'try on' eyeglasses

---

[1] **Exhibit 1** is "a copy of all process, pleadings, and orders served" on Ditto. 28 U.S.C. § 1446(a).

prior to purchase," *id.* ¶ 7, and she used Ditto's "'Virtual Try-On' through the online eyeglass retailer ZenniOptical [*sic*]" ("Zenni"), *id.* ¶ 22. Plaintiff contends Ditto distributed its technology to eyeglass retailers such as Zenni in a manner that violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*[2] *E.g.*, Compl. ¶¶ 21-30, 52-60, 65-69, 75-101. Specifically, Plaintiff attempts to plead violations of BIPA Sections 15(a) and 15(b).[3] Compl. ¶¶ 44-62. Plaintiff also seeks injunctive relief, which includes enjoining Ditto from further alleged BIPA non-compliance.[4] Compl. ¶¶ 88-101.

In her Class Action Complaint, Plaintiff defines the putative class as follows: "All persons who had their biometric identifiers, facial geometry, faceprints, or facial data captured, collected, or received by Defendant while residing in Illinois from five years preceding the date of filing of this action through the date a class is certified in this action." *Id.* ¶ 70. On behalf of herself and the putative class, Plaintiff seeks as relief, among other things, "liquidated damages of $1,000 per

---

[2] Ditto denies that it collects biometric identifiers or biometric information as defined by 740 ILCS 14/10. Ditto also denies that its virtual try-on technology violates BIPA.

[3] Ditto contends that Plaintiff has not pled any viable cause of action and identifies Plaintiff's attempts at claims for removal purposes only.

[4] Plaintiff filed another BIPA class action against a retail healthcare company that markets and sells corrective eyewear and contact lenses for purported BIPA violations of the same technology at issue here. As the defendant in that case noted in moving to dismiss, "Ditto's privacy policy is BIPA-compliant" and any purported "biometric information is deleted by Ditto when consumers cease using the 'Virtual Try On' application – which occurs automatically when a user exists [the retailer's] website." **Ex. 2**, *Vo v. VSP Retail Dev. Holding, Inc.*, No. 19-CV-07187 (N.D. Ill. Dec. 03, 2019), Dkt. 11 at 5-6 (Defendant's Motion to Dismiss and corresponding exhibits). That matter was ultimately dismissed under BIPA's health care exemption, 740 ILCS 14/10. *See Vo v. VSP Retail Dev. Holding, Inc.*, No. 19 C 7187, 2020 WL 1445605, at *3 (N.D. Ill. Mar. 25, 2020) ("Given the Court's finding that Vo's facial geometry was obtained as a patient in a health care setting, the biometric identifiers at issue fall within BIPA's health care exemption. As such, VSP cannot be held liable under BIPA for their collection or use. Therefore, the Court grants the motion to dismiss on this basis."), *appeal dismissed,* No. 20-1684, 2020 WL 9423244 (7th Cir. Nov. 19, 2020).

negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater, for each violation of BIPA."[5] Compl. 17 ¶ D, Prayer for Relief for Count I.

## II.     Removal is Proper Under CAFA

This Court has jurisdiction under CAFA because this lawsuit is a purported class action (Compl. ¶¶ 70-74) in which (A) the putative class has 100 or more members, (B) minimal diversity exists, and (C) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions); 28 U.S.C. § 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1446 (permitting removal).

### A.     The Putative Class Includes More Than 100 Members

Plaintiff purports to represent all persons who have used Ditto's technology residing in Illinois in the last five years.[6] Compl. ¶ 70. Plaintiff alleges that she utilized Ditto's technology through an online eyeglass retailer, Zenni. Compl. ¶ 22. Plaintiff has separately sued Zenni on behalf of a putative class for purported BIPA violations associated with the use of the "virtual try-on" feature. *See* **Ex. 3**, *Cruz v. Zenni*, No. 3:21-cv-03168 (C.D. Ill. July 19, 2021), Dkt. 1 (Zenni's Notice of Removal and corresponding exhibits). According to Zenni's filings in that matter, "Zenni is an online-only seller of eyeglasses" and has over 1,000 customers with Illinois addresses who

---

[5] Under BIPA, a plaintiff may recover "liquidated damages of $5,000 or actual damages, whichever is greater" for each intentional or reckless violation. 740 ILCS 14/20(2).

[6] Illinois appellate courts have not yet determined whether a one, two, or five-year limitations period applies to BIPA claims.

3

have utilized the virtual try-on feature within the last five years. *See id.*, Ex. 1 to Zenni Notice of Removal ¶¶ 4, 6.

### B. Minimal Diversity Exists

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of Illinois. Compl. ¶ 1. Ditto is a citizen of the state of its incorporation and its principal place of business, which are Delaware and California, respectively. **Ex. 4**, Decl. of Michael Warga ¶ 2. Accordingly, Ditto is not a citizen of Illinois, and minimal diversity exists.

### C. Amount in Controversy Exceeds $5,000,000

Here, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Plaintiff alleges she used Ditto's technology through the virtual try-on feature available on Zenni's website. Compl. ¶ 22. According to Zenni's records, more than 1,000 Zenni customers used the virtual try-on feature on Zenni's website at issue in this matter. *See* **Ex. 3**, Ex. 1 to Zenni Notice of Removal ¶ 6. Plaintiff seeks liquidated damages of up to $5,000 for "each violation" (Compl. 17 ¶ D, Prayer for Relief for Count I), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). Thus, it is not legally impossible that the damages at issue in this putative class action exceed $5,000,000 (1,001 x $5,000 = $5,005,000), thereby satisfying CAFA's jurisdictional prerequisite. *See Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 & n.25 (7th Cir. 2011) (explaining that once a removing party plausibly explains that the amount in controversy exceeds $5,000,000, the district court has jurisdiction unless it is legally impossibly for the plaintiff to recover that much); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89

(2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

### III. The Procedural Requirements for Removal Have Been Satisfied

This notice of removal is being filed early. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Ditto accepted waiver of service on August 5, 2021. **Ex. 1**. Counting forward 30 days comes to Saturday, September 4, 2021. However, because this date falls on a weekend and Labor Day, the notice is due Tuesday, September 7, 2021.

Ditto is today timely filing this notice with the Circuit Court of Sangamon County, along with an executed copy of the Notice of Filing Notice of Removal. Ditto is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated: September 3, 2021

Respectfully submitted,

**DITTO TECHNOLOGIES, INC.**

By: /s/ Melissa A. Siebert

Melissa A. Siebert (masiebert@shb.com)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Melissa Siebert, an attorney, hereby certify that on **September 3, 2021**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in this matter in the Circuit Court of Cook County, addressed as follows:

>Brandon M. Wise
>PEIFFER WOLF CARR KANE & CONWAY, LLP
>818 Lafayette Ave, Floor 2
>St. Louis, MO 63104
>bwise@peifferwolf.com
>
>Aaron Siri, Esq.
>Mason Barney, Esq.
>SIRI & GLIMSTAD LLP
>200 Park Avenue, 17th Floor
>New York, NY 10166
>aaron@sirillp.com
>mbarney@sirillp.com
>
>*Attorneys for Plaintiff*

                                                 */s/ Melissa Siebert*